Tbe opinion of tbe Court was delivered by
Withers, J.
After tbe arrest of the defendant upon mesne process, issued in behalf of tbe plaintiffs, be made tbe assignment referred to in tbe brief, which was to inure to tbe benefit of certain specified creditors in Florida, leaving for tbe plaintiffs no more than a residue, after satisfaction of tbe preferred creditors, if any residue there might be. Tbe schedule, filed for tbe purpose of seeking tbe benefit of tbe Prison Bounds Act, was presented tbe day next after that of tbe assignment. Tbe plaintiffs interposed objections, upon suggestion, to tbe defendant’s enlargement, and inter alia allege tbe said assignment to be such preference of one creditor to another, or such undue preference of certain creditors to tbe prejudice of tbe plaintiffs as brings tbe defendant under tbe condemnation of tbe seventh section of tbe Act of 1788, familiarly called tbe Prison Bounds Act. Tbe jury charged with tbe issues made upon tbe suggestion, have found a verdict for tbe defendant, and this appeal is made for a new trial.
Tbe decisions of this Court have firmly established, that the undue preference, which tbe law forbids, includes tbe element of a fraudulent preference — a. modification of the rigor of a course of decision in earlier times, a departure *238 from the strict letter in favor of a humane interpretation of provisions considered quasi penal, an interpretation much commended by considering, that within the specified period of three months a mere preference of- one over another creditor, by payment or assignment, might occur with no design to prejudice, defeat, delay, or hinder any creditor, in ignorance of unsettled or complicated affairs, which subsequent current events of the three months might vary, as to results, for the worse as well as the better.
It is clear that an issue as to fraud, involves an inquiry as to intention or design of the party charged, and the jury before whom it is tried must resolve it. But in such issue, as in all others, the verdict for or against either party must have a foundation in the evidence, or it cannot stand. Now if a debtor be insolvent, and he knows it, and yet he will transfer his estate to some creditors, in- ¡Dreference to others, it is manifestly in contravention of the scheme of our legislation in .favor of insolvent debtors — which contemplates, on the part of him who appeals to them, a fair and rateable appropriation of his inadequate or insolvent estate to all his creditors. When such a person is in circumstances to know that an assignment to some will defeat others, how can he be held innocent of a purpose to that effect? Such was the case of Witsel (vide 2 Hill, 418,) though his obnoxious act was performed before his confinement; such was the case of Briggs, who preferred Cathcart, a subsequent suing creditor, to Walker a prior one. We have in this case the circumstances, that the defendant made his preference, by assignment, after his arrest and confinement, in favor of creditors in another State, who did not demand-it (so far as appears,) and that what he assigned to them is inadequate to satisfy them, according to defendant’s estimate here. As to the real estate set forth in the schedule, the evidence reported is strong to show, that it is merely delusive as a resort for these plaintiffs, *239 eitbex because Garrison does not own' it, or, if be owns any, tbat it is of very trifling value.
Tbe position assumed for bim is, tbat be bad enough, or supposed be bad, of assets to ¡say all creditors. Then (it may well be demanded) wby did be not make all creditors equal under tbe assignment; and superintend, as be best could do, tbe adjustment of bis affairs ? It is much to be apprehended, tbat if such a transaction as Garrison’s be maintained as consistent with tbe law of insolvent debtors, we shall afford them not merely tbe benefit of a mitigated and humane exposition of tbat law, but entirely shield them from all its sanctions, and destroy its whole efficacy towards protecting tbe rights of suing creditors, who, because they sue, may incur tbe resentment of their debtor.
Upon the two other grounds of appeal, it is needful to say but little — nothing authoritatively. It may be difficult for one in Garrison’s condition, to show much evidence as to tbe genuineness of bis indebtedness to tbe preferred creditors; to tbe extent tbat tbe assignment may be pretensive, in tbat respect, it would be evidence of a fraudulent assignment of bis estate and effects, and would not avail no matter when made.
As to specifying tbe witnesses to tbe cboses in action; tbe fifth -section of tbe Act declares tbat this “ must” be done; but we suppose tbat tbe object in view can be secured by tbe exercise of authority on tbe part of tbe Commissioner, according to tbe circumstances, by denying a discharge without a reasonable compliance with this regulation. It is foreseen tbat circumstances will arise in tbe cases of imprisoned debtors, wherein a full compliance, or even a partial one with this provision, may be impracticable.
A new trial is ordered.
O’Neall, Wardlaw, WhitNer, and Muwro, JJ., concurred.

Motion granted.